```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

STEVEN M. RENNICK, SR.,      :    NO:  1:06-CV-00580
                             :
       Plaintiff,            :
                             :    **OPINION AND ORDER**
            v.               :
                             :
CITY OF CINCINNATI, et al.,  :
                             :
                             :
       Defendants.           :

This matter is before the Court on the Magistrate Judge's Report and Recommendation that Defendants' motion to dismiss be granted (doc. 56), Plaintiff's Objection thereto (doc. 60), and Defendant Kevin Koo's Response (doc. 61). For the reasons indicated herein, the Court ADOPTS in part and REJECTS in part the Magistrate Judge's Report and Recommendation.

**I. Background**

   **A. Factual and Procedural Background**

The factual allegations are thoroughly detailed in the Magistrate Judge's Report and Recommendation and do not need to be repeated here in full (doc. 56). In short, Plaintiff Steven Rennick, currently an inmate at the Federal Medical Center in Lexington, Kentucky, was arrested on federal charges of conspiracy to distribute marijuana, and was sentenced to sixty-three months after pleading guilty (doc. 56). Plaintiff states that Defendant John Mercado enlisted Plaintiff after his arrest as a confidential

informant for the Regional Enforcement Narcotics Unit ("RENU")(Id.). He alleges he signed several contracts/agreements regarding the informant program (Id.). Plaintiff attempted to set up several drug deals under the supervision of the police department (Id.). After the third unsuccessful attempt on October 31, 2003, Plaintiff states that he received a death threat (Id.). On November 7, 2003, Plaintiff was shot (Id.).

Plaintiff alleges that Mercado was present and involved in the shooting (Id.). Plaintiff also alleges that Mercado and the police department failed to give him the necessary assistance in the drug deals and failed to investigate Mercado's role in the shooting in order to hide Mercado's involvement in a criminal drug enterprise (Id.). Plaintiff alleges that Defendant Dave Moonitz told him that an FBI Agent was investigating his report of Mercado's involvement, but that in reality no such FBI Agent or investigation existed (Id.). Defendant Robert Randolph had several telephone conversations with Plaintiff's sister, which Plaintiff alleges were threats intended to intimidate Plaintiff's family and friends from assisting in the investigation (Id.). Further, Plaintiff states that in the fall of 2004, he became aware of a witness who allegedly observed someone matching the description of Defendant Mercado leaving the scene of the November 7th shooting (Id.).

On September 11, 2006, Plaintiff filed a pro se complaint against the City of Cincinnati, the City of Cincinnati Police

Department, Colonel Thomas H. Streicher, Jr., Kevin Koo, an officer with the Cincinnati Police Department and/or the Hamilton County Sheriff's RENU Unit, and Cincinnati Police Officers John Mercado, Dave Moonitz, and Detective Robert Randolph (Id.). Thereafter, Defendant Kevin Koo filed a motion to dismiss on November 30, 2006 (doc. 22), and Defendants City of Cincinnati Police Department, Thomas H. Streicher, John Mercado, Davie Moonitz, and Robert Randolf filed their motion to dismiss on December 20, 2006. After Plaintiff's Motion to Amend was granted by the Magistrate Judge, Plaintiff filed an amended complaint April 25, 2007 (doc. 58).

The Magistrate Judge and the Court construe Plaintiff's amended complaint as alleging the following causes of action: (1) failure to protect in violation of 42 U.S.C. § 1983; (2) denial of equal protection for failure to investigate, pursuant to 42 U.S.C. § 1983; (3) conspiracy in violation of 42 U.S.C. § 1983 and § 1985(2) and (3); and (4) state law claims of negligence, fraud, breach of contract, and intentional infliction of emotional distress, among others (doc. 58).

**B. Magistrate Judge's Report and Recommendation**

In the Report and Recommendation, the Magistrate Judge found dismissal was proper on all claims (doc. 56). First, the Magistrate Judge found that Plaintiff's failure to protect claims against Defendants Mercado and Koo were barred by the statute of

3

limitations (Id.). Next, the Magistrate Judge found that Plaintiff failed to allege facts sufficient to sustain an equal protection claim (Id.). The Magistrate Judge also found that Plaintiff failed to allege facts showing both a conspiracy on the part of Defendants and a deprivation of Plaintiff's constitutional rights, under either §1983 or §1985 (Id.). Further, the Magistrate Judge recommended dismissal of Plaintiff's claim for relief under criminal statutes because there is no private right of action for violations of criminal law (Id.). The Magistrate Judge also recommended that Plaintiff's claim alleging violations of state law be dismissed without prejudice for lack of jurisdiction (Id.). Finally, the Magistrate Judge found that Plaintiff failed to allege facts which support naming the City of Cincinnati as a defendant (Id.).

### C. Plaintiff's Objection

Plaintiff makes several objections to the Report and Recommendation (doc. 60). First, Plaintiff argues that his claims are not barred by the statute of limitations, because this matter was initially filed and then dismissed without prejudice in the U.S. District Court for the Eastern District of Kentucky on August 12, 2005, and also because much of the complaint centers around information not known to the Plaintiff until after September 11, 2004 (Id.). Next, in addressing his equal protection claim, Plaintiff acknowledges that he is not a member of a protected

class, but reiterates that the alleged actions of Defendants were deliberate and intentional (Id.). Plaintiff also disputes the Magistrate Judge's conclusions about his conspiracy claim, arguing that he has alleged sufficient facts to support this and his other causes of action (Id.).

### D. Defendant's Response

Defendant Koo responded to Plaintiff's objections, urging the Court to adopt the Magistrate Judge's Report and Recommendation (doc. 61). Defendant Koo argues that neither the filing of Plaintiff's lawsuit in Kentucky, nor his incarceration toll the statute of limitations for his "failure to protect" claim (Id., citing Howard v. Allen 283 N.E. 2d 167 (1972), Creech v. City of Portsmouth, 1995 U.S. App. Lexis (6th Cir. 1995)). Further, Defendant argues that Plaintiff cannot allege facts sufficient to sustain causes of action for equal protection or conspiracy (Id.).

## II. STANDARD OF REVIEW

The applicable district court standard of review for a Magistrate Judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, that "[t]he district judge to whom the case is assigned shall make a de novo

determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. It continues by stating "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Because timely objections have been filed in this case, this Court will review the Magistrate Judge's Report and Recommendation de novo.

### III. APPLICABLE LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, Block v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998), accept as true all the Complaint's factual allegations, Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 511-12 (6th Cir. 2001). A court's decision to grant a motion to dismiss may not be based upon a disbelief of the Complaint's factual allegations. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995) (courts should neither weigh evidence nor evaluate the credibility of witnesses).

6

Instead, in its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974)(overruled on other grounds). Indeed, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The question before the Court considering a motion to dismiss is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981)).

**IV. ANALYSIS**

**A. Statute of limitations on the failure to protect claim**

The Magistrate Judge found that Plaintiff's failure to protect claim was barred because the statute of limitations had expired. The relevant Ohio statute of limitations for § 1983 actions is Ohio Rev. Code §2305.10, which requires action be filed within two years of their accrual. Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989). The time of statute of limitations is governed by state statute, but the time the statute of limitations begins to run is governed by federal law. Sevier v. Turner, 742 F.2d 262, 272-273 (6th Cir. 1984). According to federal law, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action (Id.).

The Magistrate Judge found that the time of Plaintiff's injury was the date he was shot, November 7, 2003 (doc. 56). Although the injury that underlies the failure to protect claim is the shooting, the injury that underlies the other claims is not the shooting, but the alleged cover-up of the shooting and surrounding circumstances (doc. 58). Witness John Doe, who Plaintiff alleges has information about Mercado's involvement, did not contact Plaintiff until September 2004 (Id.). According to the facts Plaintiff alleges, he would not have had reason to know of the cover-up until the fall of 2004, and so it has not been conclusively shown that the statute of limitations had expired on his other claims by the time he filed a complaint on September 11, 2006. However, despite Plaintiff's

objection, the Court agrees with the Magistrate Judge that the statute of limitations has expired on the failure to protect claim and it is properly dismissed.

### B. §1983 equal protection claim

The Magistrate Judge recommended dismissing Plaintiff's claim for denial of equal protection for failure to state a claim under §1983. For the following reasons, the Court rejects this recommendation.

#### 1. Class of one

The Magistrate Judge recommended dismissal of Plaintiff's "failure to investigate" claim because he did not allege he was intentionally discriminated against due to his race or membership in a protected class as necessary for an equal protection claim (doc. 56). However, Plaintiff may bring an equal protection claim under a "class of one" theory. The two elements of a "class of one" equal protection cause of action are: 1) Plaintiff was "intentionally treated differently from others similarly situated," with "no rational basis for the difference in treatment," Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), and 2) plaintiff alleges "facts sufficient to overcome the presumption of rationality that applies to government classifications." Wroblewski v. City of Washburn, 965 F. 2d 452, 459-60 (7th Cir. 1992). The presumption of the government's rationality will not be set aside

9

if there is any set of facts that may be conceived to justify it. Id. at 459. It is highly unlikely that any set of facts could be conceived to justify disregarding the informant consent decree adopted after the Court's decision in Matje v. Leis, 571 F.Supp. 918 (S.D. Ohio 1983), described below. If, as Plaintiff alleges, Defendants refused to investigate Plaintiff's shooting in order to cover up a criminal drug enterprise, that would certainly "overcome the legal presumption of rationality and demonstrate the lack of a rational basis for the Defendants' acts." Bower v. Village of Mount Sterling, 44 Fed. Appx. 670 (6th Cir. 2000).

### 2. The RENU informant consent decree

The Magistrate Judge also found that there is no constitutional right to compel a criminal investigation and thus Plaintiff was not deprived of a constitutional right (doc. 56). However, in the aftermath of Matje, where a woman was convicted on the basis of questionable informant conduct and committed suicide while in prison, the Court entered a consent decree between the City and the woman's family setting protocol for how RENU would use informants and investigate informant misconduct in the future. 571 F.Supp. 918. In particular, the consent decree holds:

> [RENU shall] **refer all complaints of improper conduct against RENU staff members, agents, or informants to the Director who shall direct investigation of the complaint by personnel not assigned to RENU.** The results of all investigations will be promptly delivered to the RENU Director and Unit Commander. The RENU Director may take

> disciplinary action against any RENU agent or staff member under his command within ten days after receiving the investigative report. [...] If the agent or staff member investigated is from a law enforcement agency, then at the termination of the investigation, the investigation material will be turned over to the agent's or staff member's employing agency for further review, including possible disciplinary action by that agency.

In general, a public officer does not owe a duty to one individual to investigate or prosecute a specific crime. Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio, 1992). Plaintiff has no constitutional right "as a member of the public at large and as a victim" to have a particular person investigated. Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1998). However, by the terms of the binding consent degree, RENU adopted the policy of investigating misconduct by anyone associated with RENU. Plaintiff alleges that the misconduct he reported was not investigated, contrary to the express policy of RENU.

Other failure to investigate claims involve a lack of showing of similarly situated people who were treated differently. In Gottenheimer, the plaintiff's equal protection claim for failure to investigate failed because the record was "devoid of evidence of other complainants treated differently from the plaintiff." Mayer v. Gottenheimer, 382 F.Supp.2d 635, 655 (D.N.J. 2005). The instant case is distinguishable. By the terms of the consent decree, RENU affirmed that they would investigate complaints of RENU agent misconduct. Plaintiff does not have to allege that complaints from

11

similarly situated informants were investigated because the consent decree itself is evidence that the protocol was that all such complaints were to be investigated. It is well established that when the law is applied with an "unequal hand" for discriminatory reasons, the Constitution is violated. Yick Wo v. Hopkins, 188 U.S. 356, 373-374 (1886). If Defendants did not follow the protocol for investigation because they discriminated against Plaintiff as a "class of one," then they deprived Plaintiff of his constitutional right to equal protection. Therefore, the Court finds that Plaintiff alleged sufficient facts so that dismissal of this claim is not proper.

### C. Failure to state a conspiracy claim

The Magistrate Judge recommended dismissing Plaintiff's conspiracy claim under §1983 for failing to allege both that the Defendants shared in one plan to injure him and that he was deprived of a constitutional right as a result (doc. 56). A civil conspiracy is an agreement between two or more people to injure another by unlawful action, but the agreement need not be express and each participant is not required to know all the details. Collyer v. Darling, 98 F.3d 211, 229 (6th Cir. 1996). Plaintiff must allege facts showing a single plan existed, that the alleged conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy. Id. As set forth in Section IV above, Plaintiff has alleged

deprivation of his constitutional right to equal protection.

Plaintiff alleged the following facts supporting the three elements of a civil conspiracy:  Defendant Mercado knew who was visiting and leaving the store immediately before Plaintiff was shot (doc. 58).  An anonymous witness observed a man matching Officer Mercado's description leaving the scene of the shooting (Id.).  Defendants Mercado and Koo knew what hospital Plaintiff was taken to after the shooting and arrived at the hospital together soon after the shooting (Id.). Defendant Moonitz lied to Plaintiff about an FBI investigation into Defendant Mercado (Id.). Defendant Randolph was assigned to investigate Plaintiff's shooting and Defendant Mercado's possible role in it, but instead pressured Plaintiff and his family to drop the matter (Id.).  These facts, taken as true, are sufficient to allege a single plan, that the alleged conspirators shared in the single plan, and they committed an overt act in furtherance of it.[1]

**D. Criminal and state claims**

The Magistrate Judge recommended dismissing Plaintiff's claim for violation of criminal statutes for failure to state a claim for which relief may be granted (doc. 56).  It is "emphatically clear" that there is no private right of action for violation of a

---

[1] The Court does however, agree with the Magistrate Judge's reasoning that to the extent Plaintiff's amended complaint alleges a claim for conspiracy under 42 U.S.C. § 1985(2) and (3), his allegations fail to state a claim for relief against the defendants (doc. 56).

criminal statute unless Congress intended such a remedy. <u>Basile v. Merrill Lynch</u>, 551 F. Supp. 580, 583 (S.D. Ohio 1982).  Therefore, any of Plaintiff's allegations which might be construed as claims for damages from violations of criminal statutes are properly dismissed.

The Magistrate Judge also recommended dismissing without prejudice Plaintiff's state law claims in tort and for breach of contract (doc. 56).  There is no liability under §1983 for violation of state law. <u>Pyles v. Raisor</u>, 60 F.3d 1211, 1215 (6th Cir. 1995).  Because the Magistrate Judge recommended dismissal of Plaintiff's federal §1983 claims, he also recommended that the Court decline to exercise pendent jurisdiction over Plaintiff's state law claims.  However, the Court finds that Plaintiff's federal claim survives Defendants' motions to dismiss and that Plaintiff's state claims arose out of a "common nucleus of operative fact." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966).  Therefore, Plaintiff's state law claims should not be dismissed.

**E. Dismissal of Defendants Streicher, City of Cincinnati Police Department, and City of Cincinnati**

Finally, the Magistrate Judge recommended dismissing defendants Police Chief Thomas Streicher, Jr. and the City of Cincinnati Police Department at the request of Plaintiff (doc. 56). The Court thereby dismisses these two Defendants.

The Magistrate Judge also recommended dismissal of all claims

against the City of Cincinnati for failure to state a claim (Id.). Plaintiff's claims against the City of Cincinnati rely on the theory of respondeat superior, making the City responsible for the actions of its employees (Id.). However, a city "may not be sued under §1983 for an injury inflicted solely by its employees or agents." Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). The City could only be held liable if an official policy or custom of the City inflicted Plaintiff's alleged constitutional injury. Id. Although the Defendants' non-compliance with the informant consent decree may have deprived Plaintiff of his constitutional right to equal protection, he has not alleged that it was the official policy or custom of the City to instruct police officers to disregard the consent decree. Therefore, claims against the City of Cincinnati are properly dismissed.

**IV. CONCLUSION**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court hereby ADOPTS in part and REJECTS in part the Magistrate Judge's Report and Recommendation (doc. 56). The Court DISMISSES Defendants Thomas H. Streicher, City of Cincinnati Police Department, and the City of Cincinnati from this action, GRANTS Dismissal of Plaintiff's failure to protect claim alleged in the Second Cause of Action of the amended complaint, as well as all claims alleging violations of criminal statutes, and DENIES

Defendants' Motions to Dismiss on all remaining causes of action alleged in Plaintiff's Amended Complaint.

For clarity, Plaintiff's remaining causes of action are: (1) denial of equal protection for failure to investigate in violation 42 U.S.C. 1983, (2) conspiracy in violation of 42 U.S.C. 1983, and (3) state law claims in tort and breach of contract.

SO ORDERED.

Dated: August 1, 2007        /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge