# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| STEVEN M. RENNICK, SR., <br> Plaintiff | Case No. 1:06-cv-580 <br> Spiegel, J. <br> Hogan, M.J. |
| vs | |
| CITY OF CINCINNATI, et al., <br> Defendants | **REPORT AND RECOMMENDATION** |

Plaintiff, a former inmate at the Federal Medical Center in Lexington, Kentucky, brings this pro se action against the City of Cincinnati, the Cincinnati Police Department, and several individual police officers pursuant to 42 U.S.C. §§ 1983 and 1985 alleging a violation of his constitutional rights. Plaintiff's amended complaint alleges that after being enlisted as a confidential informant for the Regional Enforcement Narcotics Unit (RENU), he attempted to set up several drug deals under the supervision of the police department, but was unsuccessful. (Doc. 34). Plaintiff alleges he was shot on November 7, 2003, and that defendant John Mercado, an officer with the Cincinnati Police Department, was present and involved in the shooting. *Id.* Plaintiff also alleges that the police department failed to investigate Mercado's role in the shooting in an effort to hide Mercado's involvement in a criminal drug enterprise. *Id.* Plaintiff alleges that defendant police officer Dave Moonitz told him that an FBI Agent was investigating his report of Mercado's involvement, but that in reality no such FBI Agent or investigation existed. *Id.* The amended complaint further alleges that defendant detective Robert Randolph had several telephone conversations with plaintiff's sister, which plaintiff alleges were

threats intended to intimidate plaintiff's family and friends from assisting in the investigation. *Id.* Plaintiff further alleges that in the fall of 2004, he became aware of a witness who allegedly observed someone matching the description of defendant Mercado leaving the scene of the November 7th shooting. *Id.*

The remaining defendants in this matter are Officers John Mercado, Kevin Koo, and Dave Moonitz, and Detective Robert Randolph. (Doc. 62). Plaintiff's remaining claims include: (1) the denial of equal protection for failure to investigate in violation 42 U.S.C. 1983; (2) conspiracy in violation of 42 U.S.C. 1983; and (3) state law claims in tort and breach of contract. (Doc. 62).

This matter is before the Court on defendant Kevin Koo's motion for summary judgment (Doc. 89), to which plaintiff has not responded.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a

2

factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## I. FACTS

Defendant Koo presents the following evidence in support of his motion for summary judgment which, as noted above, has not been opposed by plaintiff:[1]

At the time plaintiff was shot he was a "Cooperating Individual" with the Regional Enforcement Narcotics Unit (R.E.N.U.) attempting to avoid a lengthy prison term for his latest criminal conviction. (Doc. 89, Exhs. 1, 2). Plaintiff was working in that capacity directly with

---

[1] In failing to file a memorandum in opposition to defendant Koo's motion for summary judgment, plaintiff has failed to offer any facts or evidence to support his claims. As such, the facts as presented by defendant are undisputed and are repeated here.

3

defendant John Mercado. Mercado is a police officer with the City of Cincinnati who at the time was on assignment to R.E.N.U. Mercado's immediate supervisor at R.E.N.U. was defendant Kevin Koo, a sergeant with the Hamilton County Sheriff's Department. (Doc. 89, Groppe Aff.).

Plaintiff was shot on November 7, 2003. On that same date he told Mercado and Koo that he did not see who shot him but the attacker's voice sounded "Jamaican." (Doc. 89, Groppe Aff.). The shooting was investigated by Cincinnati Police Detective Darryl Morton. Plaintiff told the investigator that he could not identify the person who shot him. Due to lack of witnesses and evidence the case was eventually closed and no arrest was ever made. (Doc. 89, Morton Aff.).

In January of 2004 plaintiff was sentenced to 63 months in prison by United States District Judge Susan J. Dlott. *See United States v. Rennick*, Case No. 1:02-cr-157 (S.D. Ohio). One year later, in January of 2005, plaintiff began to accuse Mercado of being either the shooter or having something to do with the act. Plaintiff used a document that purported to be an affidavit from Antonio Louis to link Mercado to the shooting. (Doc. 89, Randolph Aff., Exh. A).

Cincinnati Police Officer Robert Randolph was assigned to investigate the allegations against Mercado. His investigation revealed that the affidavit was a complete fabrication. Not only did the notary deny it's authenticity (Video Deposition of Ivan Hector, Notary Public)[2], but also there was no individual by the name of Antonio Louis, the person who purportedly signed the affidavit.

---

[2] Ivan Hector testified that the notary signature appearing on the affidavit was a forgery and that he had never seen the affidavit until his deposition. (Video Deposition of Ivan Hector, Notary Public).

Demetrious Ball, a.k.a. "Duke," a long time friend and business associate of plaintiff, was interviewed in connection with the investigation into plaintiff's allegations against Mercado. (Doc. 89, Randolph Aff., Exh. A). After the interview, Mr. Ball decided he did not want to be a part of the conspiracy against Officer Mercado being orchestrated by plaintiff and agreed to cooperate with Officer Randolph in the investigation. On February 24, 2005, plaintiff was being held in the Hamilton County Justice Center so that he could attend a forfeiture hearing in state court the next day regarding the semi-tractor trailer he used in the transportation of hundreds of kilos of marijuana. "Duke" agreed to allow his conversation with plaintiff in the jail to be recorded. *Id.*

During the conversation plaintiff asks "Duke" to have someone call Judge Dlott's clerk and tell the clerk that Mercado was supposed to pay the caller $20,000.00 to say he witnessed the shooting. (Doc. 89, Koo Aff., Exh. A at p. 10). Plaintiff told "Duke" that "we just need to make, make it look like Mercado staged that whole thing." (Doc. 89, Koo Aff., Exh. A at p. 11). The investigation revealed that plaintiff wanted this done in order to help plaintiff in his motion to set aside or amend his sentence which was pending with Judge Dlott. (Doc. 89, Randolph Aff., Exh. A). Plaintiff also asked "Duke" to have someone call the court room the next day and say the same thing in order to discredit Mercado and defeat the forfeiture of the semi. (Doc. 89, Koo Aff., Exh. A at p. 27). Plaintiff further said that having a witness do this would help him get a million dollars in a civil suit. (Doc. 89, Koo Aff., Exh. A at p. 9).

## II. DEFENDANT KOO'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S EQUAL PROTECTION AND CONSPIRACY CLAIMS SHOULD BE GRANTED.

In ruling on defendants' previous motion to dismiss, the District Judge in this matter held that plaintiff may bring an equal protection claim under a "class of one" theory, the elements of

which include: (1) that plaintiff was "intentionally treated differently from others similarly situated," with "no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), and (2) that plaintiff establish "facts sufficient to overcome the presumption of rationality that applies to government classifications." *Wroblewski v. City of Washburn*, 965 F.2d 452, 459-60 (7th Cir. 1992). (Doc. 62 at 9). The Court noted that pursuant to the consent decree entered in *Matje v. Lewis*, Case No. 1:82-cv-351 (S.D. Ohio), RENU adopted the policy of investigating misconduct by anyone associated with RENU. (Doc. 62 at 10-11). "If Defendants did not follow the protocol for investigation because they discriminated against Plaintiff as a 'class of one,' then they deprived Plaintiff of his constitutional right to equal protection." (Doc. 62 at 12).

Defendants' evidence shows that plaintiff's allegations of wrongdoing by Mercado were thoroughly investigated and found to be without substance. In fact, the evidence shows that plaintiff manufactured evidence in an attempt to falsely place blame on Mercado for the shooting, reduce his federal sentence, and extort money from the individuals involved in his federal prosecution. Plaintiff has failed to present any evidence creating a genuine issue of material fact that his claims against Mercado were not investigated in accordance with the *Matje* consent decree, and has failed to establish that defendants discriminated against him as a "class of one" in violation of his right to equal protection. Accordingly, summary judgment should be granted for defendant Koo on plaintiff's equal protection claim.

Plaintiff's § 1983 conspiracy claim likewise fails in the absence of any violation of plaintiff's equal protection rights. A civil conspiracy is an agreement between two or more people to injure another individual by unlawful action. *See Collyer v. Darling*, 98 F.3d 211, 229

6

(6th Cir. 1996), *cert. denied*, 520 U.S. 1267 (1997). To establish his claim for conspiracy to violate a right protected by § 1983, plaintiff must present evidence showing a single plan existed, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to him. *Id.* Moreover, plaintiff must present evidence of not only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right. *Stone v. Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992) (Spiegel, J.) ("plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of conspiracy is insufficient to establish a section 1983 claim"). *See also Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1449 (10th Cir. 1990); *Farrar v. Cain*, 756 F.2d 1148, 1151 (5th Cir. 1985); *Landrigan v. City of Warwick*, 628 F.2d 736, 742-43 (1st Cir. 1980). To plead and prove one without the other is insufficient. *Id.* "[T]he essence of a § 1983 claim is the deprivation of the right rather than the conspiracy." *Dixon*, 898 F.2d at 1449. *See also Scott v. Stone*, 254 Fed. Appx. 469, 474 (6th Cir. 2007); *Holzberger*, 807 F. Supp. at 1340.

Here, plaintiff has failed to present evidence of a single plan showing that defendants planned to cover-up any allegedly illegal activity by Mercado by not investigating plaintiff's claims against Mercado; that defendants shared in any alleged conspiratorial objective; or that defendants committed any overt acts in furtherance of the conspiracy that caused injury to plaintiff. *Id.* Nor has plaintiff presented any evidence of an actual deprivation of his constitutional rights. *Scott*, 254 Fed. Appx. at 474; *Holzberger*, 807 F. Supp. at 1340. Therefore, plaintiff fails to establish his conspiracy claim under Section 1983. Defendant Koo's motion for summary judgment on plaintiff's conspiracy claim should be granted.

7

## III. PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANT KOO SHOULD BE DISMISSED.

This Court should decline to exercise pendent jurisdiction over plaintiff's state law claims against defendant Koo because plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Plaintiff's state law claims against defendant Koo should be dismissed without prejudice for lack of jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT** defendant Koo's motion for summary judgment be **GRANTED**.

Date: 6/2/09

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

STEVEN M. RENNICK, SR.,            Case No. 1:06-cv-580
     Plaintiff                              Spiegel, J.
                                             Hogan, M.J.

vs

CITY OF CINCINNATI, et al.,
     Defendant

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by ( Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Steve Rennick, Sr.<br>8260 Stahley Drive<br>Cincinnati, OH 45239 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4988 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-01-M-2509 |

1:06cv580  Doc.42