# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

STEVEN M. RENNICK, SR.,
    Plaintiff

    vs

CITY OF CINCINNATI, et al.,
    Defendants

Case No. 1:06-cv-580
Spiegel, J.
Hogan, M.J.

**REPORT AND**
**RECOMMENDATION**

This matter is before the Court on the motion for summary judgment of defendants John

Mercado, Robert Randolph, and David Moonitz (Doc. 94), to which plaintiff has not responded.

Plaintiff is a former inmate at the Federal Medical Center in Lexington, Kentucky who

initially brought this action against the City of Cincinnati, the Cincinnati Police Department, and

several individual police officers pursuant to 42 U.S.C. §§ 1983 and 1985 alleging a violation of

his constitutional rights. His amended complaint alleges that after being enlisted as a

confidential informant for the Regional Enforcement Narcotics Unit (RENU), he attempted to set

up several drug deals under the supervision of the police department, but was unsuccessful. (Doc.

34). Plaintiff alleges he was shot on November 7, 2003, and that defendant John Mercado, an

officer with the Cincinnati Police Department, was present and involved in the shooting. *Id.*

Plaintiff also alleges that the police department failed to investigate Mercado's role in the

shooting in an effort to hide Mercado's involvement in a criminal drug enterprise. *Id.* Plaintiff

alleges that defendant police officer Dave Moonitz told him that an FBI Agent was investigating

his report of Mercado's involvement, but that in reality no such FBI Agent or investigation

existed. *Id.* The amended complaint further alleges that defendant detective Robert Randolph had several telephone conversations with plaintiff's sister, which plaintiff alleges were threats intended to intimidate plaintiff's family and friends from assisting in the investigation. *Id.* Plaintiff further alleges that in the fall of 2004, he became aware of a witness who allegedly observed someone matching the description of defendant Mercado leaving the scene of the November 7th shooting. *Id.*

On March 3, 2009, defendant Kevin Koo moved for summary judgment in this matter. (Doc. 89). On June 3, 2009, the undersigned Magistrate Judge recommended that defendant Koo's motion for summary judgment be granted. (Doc. 92). The undisputed evidence showed that plaintiff's allegations of wrongdoing by Mercado were thoroughly investigated and found to be without substance. In fact, the undisputed evidence showed that plaintiff manufactured evidence in an attempt to falsely place blame on Mercado for the shooting, reduce his federal sentence, and extort money from the individuals involved in his federal prosecution. Because plaintiff failed to present any evidence creating a genuine issue of material fact that his claims against Mercado were not investigated in accordance with the consent decree in *Matje v. Lewis*, Case No. 1:82-cv-351 (S.D. Ohio) and failed to establish that defendants discriminated against him as a "class of one" in violation of his right to equal protection, the undersigned recommended that summary judgment be granted for defendant Koo on plaintiff's equal protection claim and § 1983 conspiracy claim. The undersigned also recommended that plaintiff's state law claims against defendant Koo be dismissed without prejudice for lack of jurisdiction. (Doc. 92). On July 7, 2009, this recommendation was adopted by the District Judge. (Doc. 95).

2

As of this date, the only remaining defendants in this matter are Officer John Mercado, Officer Dave Moonitz, and Detective Robert Randolph. (Doc. 62). Plaintiff's remaining claims against these defendants include: (1) the denial of equal protection for failure to investigate in violation 42 U.S.C. 1983; (2) conspiracy in violation of 42 U.S.C. 1983; and (3) state law claims in tort and breach of contract. (Doc. 62).

The instant motion for summary judgment involves the same facts and the same claims as those addressed by the undersigned in the Report and Recommendation of June 3, 2009 (Doc. 92), which is incorporated herein by reference. For the reasons set forth in that Report and Recommendation, the undersigned recommends that the motion for summary judgment of defendants John Mercado, Robert Randolph, and David Moonitz (Doc. 94) be granted, and that this matter be closed on the docket of the Court.

## IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment of defendants John Mercado, Robert Randolph, and David Moonitz (Doc. 94) be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

3. This matter be closed on the docket of the Court.

Date: 7/23/09

Timothy S. Hogan
United States Magistrate Judge

STEVEN M. RENNICK, SR.,           Case No. 1:06-cv-580
      Plaintiff                    Spiegel, J.
                                 Hogan, M.J.

    vs

CITY OF CINCINNATI, et al.,
      Defendant

### NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      ☑ Agent   ☐ Addressee |
| | B. Received by ( *Printed Name* )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Steve Remick, Sr.<br>8260 Stahley Drive<br>Cinti, OH 45239 | D. Is delivery address different from item 1?   ☐ Yes<br>If YES, enter delivery address below:   ☐ No |
| | 3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8388 4049 |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1: 06cv580 (Doc. 97)