```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

STEVEN M. RENNICK, SR.,          :       NO. 1:06-CV-00580
                                 :
        Plaintiff,               :
                                 :
     v.                          :       **OPINION AND ORDER**
                                 :
                                 :
CITY OF CINCINNATI, et al.,      :
                                 :
        Defendants.              :


This matter is before the Court on the Magistrate Judge's July 23, 2009, Report and Recommendation (doc. 97) recommending that summary judgment be granted to Defendants John Mercado, Dave Moonitz and Robert Randolph, that the case be dismissed from the Court's docket, and that the Court certify that any appeal would not be taken in good faith. For the reasons indicated herein, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court therefore ADOPTS such Report and Recommendation (doc. 97), thus GRANTING Defendants' Motion for Summary Judgment (doc. 94), DISMISSING this case from the Court's docket, and CERTIFYING that an appeal of this Court's Order would not be taken in good faith.

**I. Factual and Procedural Background**

The Magistrate Judge incorporated by reference his Report and Recommendation on Defendant Kevin Koo's Motion for Summary Judgment (doc. 92), which thoroughly detailed the factual

allegations in this action. In short, Plaintiff Steven Rennick, currently an inmate at the Federal Medical Center in Lexington, Kentucky, was arrested on federal charges of conspiracy to distribute marijuana, and was sentenced to sixty-three months after pleading guilty (doc. 56). Plaintiff states that, after Plaintiff's arrest, Defendant John Mercado enlisted Plaintiff as a confidential informant for the Regional Enforcement Narcotics Unit ("RENU")(Id.). He alleges he signed several contracts/agreements regarding the informant program (Id.). Plaintiff attempted to set up several drug deals under the supervision of the police department (Id.). After the third unsuccessful attempt on October 31, 2003, Plaintiff states that he received a death threat (Id.). On November 7, 2003, Plaintiff was shot (Id.).

Plaintiff alleges that Mercado was present and involved in the shooting (Id.). Plaintiff also alleges that Mercado and the police department failed to give him the necessary assistance in the drug deals and failed to investigate Mercado's role in the shooting in order to hide Mercado's involvement in a criminal drug enterprise (Id.). Plaintiff alleges that Defendant Dave Moonitz told him that an FBI Agent was investigating his report of Mercado's involvement, but that in reality no such FBI Agent or investigation existed (Id.). Defendant Robert Randolph had several telephone conversations with Plaintiff's sister, which Plaintiff alleges were threats intended to intimidate Plaintiff's family and

friends from assisting in the investigation (Id.). Further, Plaintiff states that in the fall of 2004, he became aware of a witness who allegedly observed someone matching the description of Defendant Mercado leaving the scene of the November 7th shooting (Id.).

On September 11, 2006, Plaintiff filed a pro se complaint against the City of Cincinnati, the City of Cincinnati Police Department, Colonel Thomas H. Streicher, Jr., Kevin Koo, an officer with the Cincinnati Police Department and/or the Hamilton County Sheriff's RENU Unit, Cincinnati Police Officers Mercado and Moonitz, and Detective Randolph (Id.). Thereafter, Defendant Kevin Koo filed a motion to dismiss on November 30, 2006 (doc. 22), and Defendants City of Cincinnati Police Department, Thomas H. Streicher, Mercado, Moonitz, and Randolf filed their motion to dismiss on December 20, 2006 (doc. 26). After Plaintiff's Motion to Amend was granted by the Magistrate Judge, Plaintiff filed an amended complaint April 25, 2007 (doc. 58).

After the Court's ruling on Defendants' motions to dismiss, the remaining defendants in this matter were Officers John Mercado, Kevin Koo, and Dave Monitz, and Detective Robert Randolph. Officer Kevin Koo filed a Motion for Summary Judgment on March 5, 2009 (doc. 89), which Motion was granted by the Court (doc. 95). Plaintiff's remaining claims are: (1) the denial of equal protection for failure to investigate in violation of 42 U.S.C §

3

1983; (2) conspiracy in violation of 42 U.S.C. 1983; and (3) state law claims in tort and breach of contract (doc. 62).

The remaining defendants in this matter, Defendants Mercado, Monitz and Randolph, have now filed a Motion for Summary Judgment, to which Plaintiff did not respond (doc. 94).

**II. Magistrate Judge's Report and Recommendation**

Defendants Mercado, Monitz and Randolph incorporated by reference the facts set forth in the Magistrate Judge's Report and Recommendation regarding Defendant Kevin Koo (doc. 92, the "Koo Report"), which facts Plaintiff did not dispute (doc. 94). The Magistrate Judge found that the instant Motion for Summary Judgment involves the same facts and claims as those addressed by the Magistrate Judge in the Koo Report (doc. 97) and later adopted by the Court (doc. 95). The Court adopts the Magistrate Judge's summary of the evidence in the Koo Report, the thrust of which is that the allegations in Plaintiff's amended complaint are unsupported, and in fact, Plaintiff manufactured evidence in an attempt to falsely place blame on Mercado for the shooting, reduce Plaintiff's federal sentence, and extort money from the individuals involved in Plaintiff's federal prosecution (doc. 92).

In the Koo Report, the Magistrate Judge first considered Defendant Koo's argument that summary judgment on plaintiff's equal protection claim should be granted and found Defendant's motion well-taken (Id.). In its previous Order (doc. 62), the Court found

that Plaintiff could establish his equal protection claim under a "class of one" theory, the elements of which include: 1) Plaintiff was "intentionally treated differently from others similarly situated," with "no rational basis for the difference in treatment," Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), and 2) plaintiff alleges "facts sufficient to overcome the presumption of rationality that applies to government classifications." Wroblewski v. City of Washburn, 965 F. 2d 452, 459-60 (7th Cir. 1992). As the Court noted in that Order, pursuant to the consent decree entered in Matje v. Lewis, Case No. 1:82-cv-351 (S.D. Ohio), RENU adopted the policy of investigating misconduct by anyone associated with RENU (doc. 62). As the Court stated "[i]f Defendants did not follow the protocol for investigation because they discriminated against Plaintiff as a "class of one," then they deprived Plaintiff of his constitutional right to equal protection" (Id.).

In the Koo Report, the Magistrate Judge noted that the undisputed evidence shows that Plaintiff's allegations of wrongdoing were thoroughly investigated and found to be without substance, and that, in fact, Plaintiff manufactured evidence to falsely place blame on Mercado (doc. 92). Because Plaintiff failed to present any evidence creating a genuine issue of material fact that his claims against Mercado were not investigated in accordance with the Matje consent decree, and has failed to establish that

5

defendants discriminated against him as a "class of one," the Magistrate Judge found that summary judgment on this claim was appropriate (Id.).

Likewise, the Magistrate Judge concluded in the Koo Report that Plaintiff's § 1983 conspiracy claim must also fail in the absence of any violation of Plaintiff's equal protection rights (Id., noting that to succeed on a conspiracy claim "plaintiff must present evidence of not only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right." Stone v. Holtzberger, 807 F.Supp. 1325, 1340 (S.D. Ohio 1992)). The Court found the reasoning and analysis in the Koo Report thorough and correct and adopted the Koo Report, granting summary judgment to Defendant Koo (doc. 95) on the same facts, claims and issues present here.

Having reviewed this matter, particularly in light of the undisputed evidence presented by Defendant Koo and incorporated by Defendants Mercado, Moonitz and Randolph, the Court finds the Magistrate Judge's Report and Recommendation with respect to the Motion for Summary Judgment brought by Defendants Mercado, Moonitz and Randolph well-reasoned, thorough, and correct, as it relies on the reasoning and analysis set forth in the Koo Report.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C.

6

§ 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

**III. CONCLUSION**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court hereby ADOPTS the Report and Recommendation in its entirety (doc. 97), GRANTS Defendants Mercado, Moonitz and Randolph's Motion for Summary Judgment (doc. 94), and DISMISSES this case from the Court's docket. Finally, pursuant to 28 U.S.C. §1915(a)(3), for the foregoing reasons, this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: September 2, 2009       /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge